UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

CRYSTAL BYRD, on behalf of J.B.,   )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )   Case No. 4:21-cv-949-GMB
                                   )
KILOLO KIJAKAZI,[1] Acting         )
Commissioner of Social Security,   )
                                   )
    Defendant.                     )

## MEMORANDUM OPINION

On April 5, 2019, Plaintiff Crystal Byrd filed an application for supplemental security income ("SSI") on behalf of her minor son, J.B.  The ALJ held a hearing on January 19, 2021 and denied Byrd's claims on January 27, 2021.  Byrd requested a review of the ALJ's decision by the Appeals Council, which declined review on May 24, 2021.  As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of May 24, 2021.

Byrd's claims on behalf of her son are now before the court for review pursuant to 42 U.S.C. § 1383(c)(3).  Under 28 U.S.C. § 636(c)(1) and Federal Rule

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul.  No further action must be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

of Civil Procedure 73, the parties have consented to the full jurisdiction of a United States Magistrate Judge. Doc. 15.  Based on a review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be reversed and remanded.

## I.  STANDARD OF REVIEW[2]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence."

---

[2] In general, the legal standards are the same whether a claimant seeks disability insurance benefits ("DIB") or SSI.  However, separate parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates.  The same applies to citations for statutes or regulations found in excerpted court decisions.

*Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (citing *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)).  The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987).  Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).  There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II.  STATUTORY AND REGULATORY FRAMEWORK

A claimant under the age of 18 is considered to be disabled if he shows a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Byrd bears the burden of proving that her son is disabled, and she is responsible for producing evidence sufficient to support this claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

For those under the age of 18, a determination of disability under the Social Security Act requires a three-step analysis. 20 C.F.R. § 416.924(a).  The Commissioner must determine in sequence:

   (1) Is the child engaged in substantial gainful activity?
   (2) Are the child's impairments severe?
   (3) Do the child's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?

*See Ware v. Colvin*, 997 F. Supp. 2d 1212 (N.D. Ala. 2014).

In determining whether an impairment or combination of impairments meets a listing, "the ALJ must consider six 'domains,' which are 'broad areas of functioning intended to capture all of what a child can and cannot do.'" *Bryant v. Soc. Sec. Admin.*, 478 F. App'x 644, 645 (11th Cir. 2012) (quoting 20 C.F.R. § 416.926a(b)(1)).  Those domains are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objections, (5) caring for yourself, and (6) health and physical wellbeing. 20 C.F.R. § 416.926a(b)(1).  "Functional equivalence is found if the child's impairment or combination of impairments results in marked limitations in two domains of functioning or an extreme limitation in one domain." *Ware*, 997 F. Supp. 2d at 1216 (internal citation and quotation omitted).  "If the impairment(s) does not satisfy the duration requirements, or does not meet, medically equal, or functionally equal one of the Listings in the Regulations, a finding of not disabled will be reached and the claim will be denied." *Id.*

### III.  RELEVANT FACTUAL BACKGROUND

J.B. was born on October 17, 2007 and was 13 years old at the time of the decision. R. 246.  He lives with his parents. R. 285.  In the disability report Byrd completed for him, she listed her son's disabling conditions as Crohn's disease, colitis, asthma, and bronchitis. R. 286.  He receives infusions every eight weeks to treat his Crohn's disease. R. 43.  Byrd testified at the hearing that J.B. cannot attend

5

a traditional school because of his need for frequent bathroom breaks, infusions, and doctor's visits. R. 43. She explained that J.B. uses the restroom six to ten times per day and each visit lasts 20 minutes. R. 45. He is in constant abdominal pain and sometimes cannot make it to the restroom in time. R. 45.

Applying the three-step analysis, the ALJ found that J.B. had not engaged in substantial gainful activity since April 5, 2019, the application date. R. 17. At step two, the ALJ found that J.B. suffered from the severe impairment of Crohn's disease with ulcerative colitis under 20 C.F.R. § 416.924(c). R. 17. The ALJ also considered J.B.'s medically determinable impairments of asthma, bronchitis, pharyngitis, otitis media, gastritis, overweight, obesity, flat feet, nose bleeds, dental injury, and decreased visual acuity, but determined that these were non-severe impairments because "they constitute, at most, a slight abnormality that cannot reasonably be expected to significant limit the claimant's base activities." R. 17. The ALJ also assessed J.B.'s mental impairment of adjustment disorder with depressed mood as non-severe. R. 17-18. Finally, the ALJ found that J.B.'s one-time assessment of arthritis was not a medically determinable impairment. R. 18.

The ALJ concluded at step three of his analysis that none of J.B.'s impairments, either alone or in combination, satisfied or medically equaled the severity of one of those listed in listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 18. The ALJ then concluded that none of the impairments, again either alone

or in combination, functionally equal the severity of the listings. R. 20–24. In arriving at this determination, the ALJ relied on the objective medical evidence in the record, questionnaires from schoolteachers, the function report Byrd completed, and testimony from J.B. and Byrd. R. 21–23.

Based on this evidence, the ALJ found that J.B. did not have an impairment or combination of impairments that resulted in either "marked" limitations in two domains of functioning or "extreme" limitation in one domain of functioning. R. 20–24. Therefore, the ALJ concluded that J.B. has not been disabled since April 5, 2019, the date of his application. R. 23. Based on these findings, the ALJ denied Byrd's claims on J.B.'s behalf.

## IV. DISCUSSION

Byrd makes three arguments in favor of remand: (1) the Appeals Council failed to review new, material, and chronologically relevant evidence; (2) the ALJ did not give appropriate weight to her testimony; and (3) the ALJ failed to assess J.B.'s eligibility for benefits for Crohn's disease under Listing 105.06. Doc. 10 at 26–31. The court concludes that Byrd's third argument mandates reversal and thus does not address her remaining arguments.

Byrd contends that the ALJ erred because he did not consider whether J.B.'s impairments met or equal Listing 105.06. Doc. 10 at 29–30. Listing 105.06 addresses Inflammatory Bowel Disease ("IBD"). "Crohn's disease is an

inflammatory bowel disease that causes chronic inflammation of the gastrointestinal tract." Chron's and Colitis Foundation, https://www.crohnscolitisfoundation.org/what-is-crohns-disease (last visited Aug. 18, 2022). The Commissioner acknowledges that the ALJ did not make an explicit finding as to this listing and argues instead that "the ALJ's finding that Claimant did not meet or equal Listing 105.06 was implied in his statement that Claimant did not meet any Listings, as well as in his discussion of the relevant evidence of Claimant's physical conditions." Doc. 13 at 5–6. The court disagrees.

While an ALJ may implicitly find that a claimant does not meet a listing requirement, *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986), the court will not "affirm simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984). Here, the ALJ made no apparent findings, either implicit or explicit, about whether J.B. met the criteria of Listing 105.06. On remand, the ALJ should consider whether J.B.'s medical conditions meet or equal Listing 105.06 and make explicit findings to that effect.

## V. CONCLUSION

For these reasons, the court concludes that the ALJ's determination that J.B. is not disabled is not supported by substantial evidence. The decision of the Commissioner is due to be reversed and remanded for further proceedings consistent

with this memorandum opinion.  A final order will be entered separately.

    DONE and ORDERED on August 22, 2022.

                                                        _____
                                                        GRAY M. BORDEN
                                                        UNITED STATES MAGISTRATE JUDGE